**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MONISHA FULLER**, on behalf of herself and all others similarly situated, | ) ) ) | **CASE NO.** |
| | ) | **JUDGE** |
| Plaintiff, | ) ) | |
| | ) | **MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | <u>**COLLECTIVE AND CLASS ACTION**</u> |
| **1ST CHOICE FAMILY SERVICES, INC.** | ) | <u>**COMPLAINT**</u> |
| | ) | |
| Defendant. | ) | <u>**JURY DEMAND ENDORSED HEREON**</u> |
| | ) | |

Plaintiff Monisha Fuller ("Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant 1st Choice Family Services, Inc. ("Defendant"), states and alleges as follows:

<u>**INTRODUCTION**</u>

1.      This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2.      Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Class").

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Class").

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's claims under the OMFWSA because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

7.     Plaintiff is an adult individual residing in Reynoldsburg, Ohio, in Franklin County.

8.     Within the last three years, Plaintiff and those similarly situated were employees of Defendant within the meaning of the FLSA and the OMFWSA, although Defendant misclassified them as independent contractors.

9.     Defendant is a for-profit Ohio corporation. Defendant can be served at its principal place of business located at 175 S.3rd Street, Suite 200, Columbus, Ohio 43215.

10.     At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

11.     At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13.     Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

14.     Defendant provides in-home direct support services, such as cooking, cleaning, administering medication, and other similar services, to developmentally disabled individuals.

15.     To provide these services, Defendant employs Direct Support Professionals ("DSPs"). Defendant classifies its DSPs as "independent contractors."

16.     In November 2020, Plaintiff was hired by Defendant as a DSP to perform in-home services to Defendant's clients. Plaintiff was hired by Defendant as an independent contractor. Plaintiff separated from her employment with Defendant on or about February 19, 2021.

17.     Although Defendant classified DSPs such as Plaintiff and other similarly situated employees as independent contractors, the economic reality was that DSPs are employees of Defendant.

18.     The duties DSPs performed for Defendant were an integral part of Defendant's business, as they provided services directly to Defendant's clients and generated revenue for Defendant.

19.     Defendant gave DSPs a weekly work schedule, which listed each of the client locations at which the DSP was required to report, and the time the DSP was to report to that location. DSPs are unable to set their own schedule, and if a DSP was unable to work a shift, they had to contact Defendant's Workforce Management Department and request time off, just as an employee would.

3

20.     Each of Defendant's clients had an individual service plan, which listed the tasks that Defendant agreed to provide for the client. Defendant provided its DSPs with a checklist of these tasks, and required them to record that they completed each of the tasks on the plan.

21.     Defendant also required DSPs to submit photographic proof to Defendant every hour during a shift that tasks were completed.

22.     DSPs are not required to have any unique or highly specialized skill, and whatever training was necessary for DSPs to perform their job duties was provided by Defendant.

23.     Plaintiff and other similarly situated employees were not required to make any investment in specialized equipment to perform their job duties. Rather, they used Defendant's software and applications to receive assignments, record their work, and track their time.

24.     Because DSPs were provided a weekly schedule by Defendant and do not have discretion to choose where and when to perform work for Defendant, and are paid by the hour, they do not have the opportunity to increase their opportunities for profit or loss through managerial skill.

25.     Defendant also has the right to control and does, in fact, control the manner in which DSPs perform their work by, among other things, requiring them to follow the checklist provided by Defendant and submitting photographic proof that the tasks on the checklist were completed.

26.     Defendant also holds out its DSPs to its clients as employees of Defendant. Indeed, DSPs are required to wear a t-shirt bearing Defendant's name while performing work at clients' homes.

27.     Accordingly, Plaintiff and the other DSPs were improperly classified as independent contractors, and should have been classified as non-exempt employees under the FLSA, thereby making them entitled to be paid one and one-half their regular rates of pay for hours worked in excess of 40 per week.

28.    Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek in the three years preceding the filing of this Action.

29.    Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation for all of the hours they worked in excess of forty (40) each workweek, in violation of the FLSA and OMFWSA.

30.    Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32.    The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

**All current and former Direct Support Professionals who were employed by Defendant as independent contractors and who worked 40 or more hours in any workweek at any time in the three years preceding the date of the filing of this Action to the present.**

33.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

34.    These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

5

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

35.      Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant in Ohio within the last two years.

36.      The Rule 23 class is defined as:

**All current and former Direct Support Professionals who were employed by Defendant as independent contractors and who worked 40 or more hours in any workweek at any time in the two years preceding the date of the filing of this Action to the present.**

37.      The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential class but, upon information and belief, avers that it consists of at least 100 class members.

38.      There are questions of law or fact common to the class including: whether Defendant misclassified DSPs as independent contractors and whether its misclassification of DSPs resulted in the underpayment of overtime compensation.

39.      Plaintiff will adequately protect the interests of the class.  Here interests are not antagonistic to but, rather, are in unison with, the interests of the members of the class. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the class claims in this case.

40.      The questions of law or fact that are common to the class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class as a whole, and predominate over any questions affecting only individual class members.

41.     Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

42.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43.     Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the three years preceding the filing of this Action.

44.     Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of forty (40) each workweek.

45.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

46.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

47.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Overtime Violations)

48.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.     Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the two years preceding the filing of this Action.

50.     Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of forty (40) each workweek.

51.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the OMFWSA, Ohio Rev. Code § 4111.03.

52.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B.     Enter judgment against Defendant and in favor of Plaintiff and any opt-in plaintiffs who join this case pursuant to 29 U.S. C. § 216(b);

C. Enter judgment against Defendant and in favor of Plaintiff and the Ohio Class;

D. Award Plaintiff and the putative class actual damages for unpaid wages;

E. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

F. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
     hans@ohlaborlaw.com

*Counsel for Plaintiff*

9

## **JURY DEMAND**

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle
*One of the Attorneys for Plaintiff*