UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Monisha Fuller, *on behalf of herself and all others similarly situated*,

    Plaintiff,

v.

1st Choice Family Services, Inc.,

    Defendant.

Case No. 2:21-cv-2771

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Monisha Fuller ("Plaintiff") sues 1st Choice Family Services ("Defendant") under, *inter alia*, the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Plaintiff now moves to conditionally certify a collective action. Mot. Certify, ECF No. 17. Defendants oppose the Motion. Resp., ECF No. 20. For the following reasons, Plaintiff's motion is **GRANTED**.

### I.    FACTS

Defendant is an Ohio corporation that provides in-home support services including cooking, cleaning, and administering medication to developmentally disabled individuals. Compl. ¶¶ 9, 14, ECF No. 1. Defendant hired Plaintiff as a Direct Support Professional ("DSP") in November 2020 to provide in-home services. *Id.* ¶ 16. Defendant classified Plaintiff and all DSPs as independent contractors. *Id.* ¶ 17.

In spite of this label, Plaintiff alleges that DSPs are actually employees for the following reasons: DSPs provide services directly to Defendant's clients; DSPs generate revenue for Defendant; Defendant gives each DSP a weekly work schedule and DSPs are unable to set their own schedule; DSPs who could not work a shift were required to call Defendant and request time off; Defendant gave the DSPs specific tasks to perform for each client; DSPs were not required to have any unique or specialized skills; any training necessary to perform the DSP job duties was provided by Defendant; Defendant provided the only specialized tools necessary for the job; and various other reasons. *Id.* ¶¶ 17–26. According to Plaintiff, because DSPs were misclassified as independent contractors, they were not properly paid for all hours worked in excess of forty hours per week. *Id.* ¶ 27.

Plaintiff now asks the Court to conditionally certify the following class:

> All current and former Direct Support Professionals who were employed by Defendant as independent contractors and who worked 40 or more hours in any workweek at any time during the period of May 25, 2018 to the present.

Mot. 1, ECF No. 17-1.

## II. STANDARD

The FLSA authorizes employees to bring collective actions against employers to recover damages for unpaid wages if the following two conditions are met: (1) the employees are "similarly situated"; and (2) all plaintiffs file with the Court a written consent to become a party. 29 U.S.C. § 216(b). The United

States Court of Appeals for the Sixth Circuit has instructed courts to apply a two-step procedure for determining whether an FLSA case should proceed as a collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006).

The first step is commonly referred to as "conditional certification," which takes place prior to the completion of discovery and requires the plaintiff to make an initial showing that the employees in the proposed class are "similarly situated." *Id.* at 546 (quoting 29 U.S.C. § 216(b)). At this first stage, "conditional certification may be given along with the judicial authorization to notify similarly situated employees of the action," which allows plaintiffs to opt-in to the lawsuit. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (citing *Comer*, 454 F.3d at 546).

At the conditional certification stage, a "plaintiff must only 'make a modest factual showing' that [he] is similarly situated to the other employees he is seeking to notify." *Waggoner v. U.S. Bankcorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Comer*, 454 F.3d at 546–47*); see also Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016). The standard employed during this initial stage of litigation is "fairly lenient . . . and typically results in 'conditional certification' of a representative class." *Myers*, 201 F. Supp. 3d at 890 (quoting *Comer*, 454 F.3d at 547). Whether plaintiffs are similarly situated depends on a number of factors, including the "factual and employment settings of the individual [ ] plaintiffs, the different defenses to which

the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (citation omitted), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 557 U.S. 153, 160 (2016). A plaintiff need not show a single FLSA-violating policy but rather can demonstrate that the claims of the named plaintiffs and the putative class are unified by "common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Plaintiffs are only required to show that their position is "similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (quoting *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

During the conditional certification phase, "a court 'does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.'" *Myers*, 201 F. Supp. 3d at 890 (quoting *Waggoner*, 110 F. Supp. 3d at 765). Courts have instead considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Fairfax v. Hogan Transp. Equip., Inc.*, No. 2:16-cv-680, 2017 WL 4349035, at *2 (S.D. Ohio Sep. 29, 2017) (quoting *Lewis*, 789 F. Supp. 2d at 868). Still, conditional

certification is "by no means final." *Comer*, 454 F.3d at 546 (quoting *Pritchard*, 210 F.R.D. at 595).

## III. ANALYSIS

Plaintiff moves for conditional certification. Plaintiff alleges that she and other DSPs were misclassified as independent contractors and, as a result, were not properly paid for hours worked in excess of forty hours a week. Defendant opposes on the basis that prospective class members would not be similarly situated; specifically, Defendant argues that the DSPs have different levels of training and responsibility and that the policies and practices applicable to a particular DSP vary based on her level of training.

Upon review, the Court finds that Plaintiff has carried her burden of making a "modest factual showing that [she] is similarly situated to the other employees [she] is seeking to notify." *Waggoner*, 110 F. Supp. 3d at 764 (internal quotations omitted). In support of her claims, Plaintiff offers her own declaration stating facts which could support a finding that she was misclassified as an independent contractor and that she typically worked more than forty hours per week. Fuller Decl., ECF No. 17-2. Plaintiff also submitted sworn declarations from eleven other DSPs. *See generally* Osando Decl., ECF No. 17-3; Stults Decl., ECF No. 17-4; Coleman Decl., ECF No. 17-5; Ybarra Decl., ECF No. 17-6; Holland Decl., ECF No. 17-7; Billingsley Decl., ECF No. 17-8; Swilley Decl., ECF No. 17-9; Rijo Lora Decl., ECF No. 17-10; Good Decl., ECF No. 17-11; Storts Decl., ECF No. 17-12; Thompson Decl., ECF No. 17-13. All of these additional declarations also

contain statements which could support a finding that the declarants were misclassified as independent contractors and that the declarants generally worked more than forty hours a week. *Id.*

These allegations and declarations are sufficient to make the requisite "modest showing" that Plaintiff and other DSPs were similarly situated. Plaintiff's and the declarants' statements that they were subject to the same practices demonstrate sufficient similarity between the DSPs in Plaintiff's proposed class to meet the "fairly lenient" standard for conditional certification. *See Myers*, 201 F. Supp. 3d at 890; *see also Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 896 (S.D. Ohio 2018) ("Plaintiffs have made this showing [for conditional certification] through declarations stating that they and the putative class members' claims are unified by a common theory—that they have been misclassified as independent contractors when they were indeed employees."). Thus, the Court concludes that Plaintiff has met the standard for conditional certification.

The Court acknowledges that the declarations do not contain any assertions of a company-wide policy of misclassifying DSPs as independent contractors. However, even at this relatively early stage of the case, Plaintiff was able to find eleven other DSPs with substantially similar working situations. Further, the Complaint alleges that "Defendant classifies its DSPs as 'independent contractors,'" and the contents of the declarations generally support that allegation. Compl. ¶ 15, ECF No. 1. Taken together, that is sufficient to

establish an inference of a company-wide policy, at least for now. If further discovery reveals that no such company-wide policy exists, Defendant may move for decertification. *See Lewis*, 789 F. Supp. 2d at 868 (approving conditional certification based on "the allegations in [the] complaint and declarations of the Named Plaintiffs.").

Defendant's argument against conditional certification is unpersuasive. As an initial matter, to whatever extent Defendant attempts to attack the merits of Plaintiff's FLSA claim or to dispute Plaintiff's factual allegations, those arguments fall flat. The Court may not properly consider the merits or resolve factual disputes at this stage. *See Myers*, 201 F. Supp. 3d at 890.

Moving on, Defendant argues that the DSPs are not similarly situated. According to Defendant, different DSPs have different levels of training. Depending on the level of training a particular DSP has, she will have different responsibilities, and different policies and practices will apply to her. Therefore, Defendant argues, the analysis of whether each DSP is an employee or independent contractor "will not be identical." Resp. 4, ECF No. 20. For conditional certification, however, Plaintiff does not need to demonstrate that the putative class members' situations are *identical*, only that that they are similar. *See Green*, 2015 WL 6454856, at *3 (stating that classes may be certified "under situations where a uniform corporate policy applied to similar, but not identical, types of employees"); *see also O'Brien*, 575 F.3d at 585; *Lewis*, 789 F. Supp. 2d

at 867. As explained above, Plaintiff has shown that similarity, and, consequently, this argument from Defendant is unavailing.

Defendant makes no argument that Plaintiff's proposed class definition is defective, and neither does the Court see any glaring defects. However, the Court directs the parties to confer and submit a joint proposed class definition, notice, and distribution plan within fourteen days. The Court suggests the parties use Plaintiff's proposed class definition as a starting point for discussion.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's motion for conditional certification. The parties are **ORDERED** to confer and submit **within fourteen days** a joint proposed class definition, notice, and distribution plan. The Clerk is **DIRECTED** to terminate ECF No. 17.

**IT IS SO ORDERED.**

*[signature]*

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**