**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MONISHA FULLER,** on behalf of herself and others similarly situated, | **)** | Case No. 2:21-cv-02771-MHW-KAJ |
| | **)** | |
| Plaintiff, | **)** | Judge Michael H. Watson |
| | **)** | Magistrate Judge Kimberly A. Jolson |
| vs. | **)** | |
| | **)** | **JOINT MOTION FOR APPROVAL OF** |
| **1ST CHOICE FAMILY SERVICES INC.,** | **)** | **FLSA COLLECTIVE ACTION** |
| | **)** | **SETTLEMENT** |
| Defendant. | **)** | |

Representative Plaintiff Monisha Fuller ("Representative Plaintiff") and Defendant 1st Choice Family Services Inc. ("Defendant") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement, which was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations.

The following documents are submitted for the Court's approval:

**Exhibit 1**:   Settlement Agreement and Release and exhibits (the "Agreement");

**Exhibit 2**:   Declaration of Jeffrey J. Moyle; and

**Exhibit 3**:   Proposed Order Granting Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that this Honorable Court approve the FLSA settlement reached by the Parties, and dismiss this case with prejudice.

Respectfully Submitted,


/s/ Jeffrey J. Moyle
Jeffrey J. Moyle (0084854)
NILGES DRAHER LLC
1360 East 9th Street, Suite 808
Cleveland, OH 44114
Telephone:     (216) 230-2955
Facsimile:     (330) 754-1430
E-mail:         jmoyle@ohlaborlaw.com


Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
NILGES DRAHER LLC
7034 Braucher Street NW, Ste. B
North Canton, OH 44720
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email:          sdraher@ohlaborlaw.com
                hans@ohlaborlaw.com


*Attorneys for Representative Plaintiff*

/s/ Ralph E. Breitfeller (with permission)
Ralph E. Breitfeller (0017579)
Brendan P. Feheley (0079107)
Danielle M. Crane (0098994)
KEGLER, BROWN, HILL & RITTER, L.P.A.
65 E. State Street, Suite 1800
Columbus, OH 43215
Telephone:     (614) 462-5400
Facsimile:     (614) 464-2634
Email:          rbreitfeller@keglerbrown.com
                bfeheley@keglerbrown.com
                dcrane@keglerbrown.com


*Attorneys* for *Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MONISHA FULLER,** on behalf of herself and others similarly situated, | ) ) ) | Case No. 2:21-cv-02771-MHW-KAJ |
| Plaintiff, | ) ) ) | Judge Michael H. Watson<br>Magistrate Judge Kimberly A. Jolson |
| vs. | ) ) | |
| **1ST CHOICE FAMILY SERVICES INC.,** | ) ) ) | **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION** |
| Defendant. | ) | **SETTLEMENT** |

## I.      FACTUAL AND PROCEDURAL BACKGROUND.

On May 25, 2021, Representative Plaintiff filed this Action as a collective action under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and class action under Ohio Rev. Code

§ 4111.03. (Dkt. No. 1).  Representative Plaintiff alleged that Defendant violated the FLSA and

Ohio law by classifying its Direct Support Professionals ("DSPs") as independent contractors, and

not paying them overtime compensation for hours worked in excess of 40 hours per week. (*Id.*).

On June 28, 2021, Defendant filed its answer to Representative Plaintiff's Complaint, in which it

denied the material allegations in the Complaint, denied that it violated the law, and denied that

class or collective treatment in this case was proper. (Dkt. No. 11). Throughout the pendency of

this case, Defendant has continued to deny that it violated the law. (*See* Declaration of Jeffrey J.

Moyle ("Moyle Dec."), attached as Exhibit 2, at ¶ 11).

On July 30, 2021, Representative Plaintiff moved for conditional certification of a

collective under the FLSA, which Defendant opposed. (Dkt. Nos 17, 20).  The Court granted

Representative Plaintiff's Motion for Conditional Certification on September 23, 2021, and

authorized notice to similarly situated persons.  (Dkt. No. 28). On December 2, 2021, notice was

mailed to 348 putative class members. (Moyle Dec. at ¶ 12). A total of 44 people opted into this lawsuit. (*Id.*).

While conditional certification was pending, Representative Plaintiff served written discovery requests, to which Defendant responded. (Moyle Dec. at ¶ 13). While the Parties were in the midst of scheduling depositions of a corporate representative of Defendant, the Parties agreed to stay this matter and discuss possible settlement. (*Id.* at ¶ 14). To this end, Representative Plaintiff created a model of alleged damages, which was shared with Defendant. (*Id.* at ¶ 15). After exchanging numerous settlement proposal, the Parties were able to reach an agreement to resolve this matter. (*Id.* at ¶ 16).

## II.     SUMMARY OF SETTLEMENT TERMS

The Opt-In Plaintiffs that are eligible to participate in the settlement are those who worked for Defendant as DSPs since July 1, 2019, who worked more than 40 hours in any workweek, and who did not receive compensation for the alleged unpaid overtime worked during that time. (*Id.* at ¶ 19). In exchange for receiving a settlement payment, eligible Opt-In Plaintiffs will be bound by the terms of the Agreement.  (*Id.* at ¶ 20). Those that will not be receiving a settlement payment will retain the right to pursue their own claims.  (*Id.*). In exchange for the total settlement amount and other consideration provided for in the Agreement, this lawsuit will be dismissed with prejudice, and the Representative Plaintiff and eligible Opt-In Plaintiffs will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA or any other applicable state or local wage-and-hour law relating to unpaid and/or untimely payment of wages, overtime, liquidated damages, attorneys' fees, costs, expenses, penalties, interest, settlement administration costs, and service awards. (*See* Exhibit 1).

The total settlement amount is $357,500.  This amount includes: (a) all individual payments

to Named Plaintiff and eligible Opt-In Plaintiffs, including the employees' tax withholdings; (b) a service award to the Representative Plaintiff; and (c) Class Counsel's attorneys' fees and litigation expenses. (Moyle Dec. at ¶ 17). This amount does not include any required employer taxes with respect to any portion of the Settlement Award payments or Service Award payment treated as wages under IRS Form W-2.  A list of eligible Opt-In Plaintiffs and their gross settlement payments are attached to the Settlement Agreement at Exhibit B.  In addition to the settlement payments to eligible Opt-In Plaintiffs, the Agreement also calls for a payment to Representative Plaintiff in the amount of $5,000 in recognition of her service to the class, for which she will provide a general release of all claims against Defendant. (Moyle Dec. at ¶ 21). The Agreement also calls for payment to Class Counsel of $119,166.67 (or one-third of the total settlement payment) for attorneys' fees, and reimbursement of their litigation expenses incurred in the prosecution of this action in the amount of $3,706.80. (*Id.* at ¶ 22).  Any funds that are not distributed in accordance with the terms of the Agreement will be returned to Defendant.   (*Id.* at ¶ 24).

## III.     PROPRIETY OF APPROVAL OF THE SETTLEMENT.

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it finds that the settlement is "fair, reasonable, and adequate."  *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *11 (S.D. Ohio Sep. 25, 2020) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). A district court looks to seven factors in determining whether a class action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Id.* "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues

3

and risks in the case that would lead each party to opt toward settlement." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *5 (N.D. Ohio Mar. 26, 2019) (quoting *UAW*, 497 F.3d at 631). Application of these principles to this settlement demonstrates that approval is warranted.

### 1.     No Indicia of Fraud or Collusion Exists

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *14. Here, the Agreement was achieved only after arms-length and good faith negotiations between the Parties, after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue. As such, because there is no indicia of fraud or collusion, this factor favors approval of the settlement.

### 2.     The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted). Moreover, the Parties disagree over the merits of Plaintiff's claims, including whether DSPs were properly classified as independent contractors, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiff and the class/collective would be entitled to liquidated damages if they were to prevail on the merits.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of class/collective resolution. (Moyle Dec. at ¶¶ 25-28).

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. In response to Representative Plaintiff's discovery requests, Defendant produced in excess of 2,400 pages of documents, including timekeeping and payroll records for all Opt-In Plaintiffs, from which Representative Plaintiff was able to create an alleged damages model, which was shared with Defendant. (Moyle Dec. at ¶ 15). As such, both of the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiff prevail on her claims, which allowed the Parties to negotiate a settlement based on facts and data.

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises defenses to Plaintiff's claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that settlement participants would receive no compensation or, if they do receive compensation, it will be after protracted litigation, likely also involving appeals. By settling the case at this relatively early stage of the litigation, the Parties and putative class/collective members bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the settlement. *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *18 ("the settlement provides relief to the settlement class members and eliminates the risks that the Parties would otherwise bear if the litigation were to continue on for years, which favors this factor").

### 5.    Class Counsel and the Class Representative Favor Approval

The Parties' counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Representative Plaintiff's Counsel supports the Settlement as fair and reasonable, and in the best interest of Plaintiff and the class as a whole, as described in the Declaration of Jeffrey J. Moyle. (Moyle Dec. at ¶¶ 29-31). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the Settlement.

### 6.    The Reaction of Absent Class Members

The Parties have reached a proposed settlement of Plaintiffs' FLSA claims to resolve this suit in its entirety. "In light of the fact that this is an 'opt-in class' action, there are no "absent class members'"; therefore, this factor is not relevant and is neutral. *Murton v. Measurecomp.*, LLC, No. 1:07CV3127, 2009 WL 10715595, at *7 (N.D. Ohio Aug. 10, 2009); *Combs v. TruGreen Ltd. P'ship*, No. 1:08-CV-489, 2010 WL 11636094, at *5 (S.D. Ohio Sept. 2, 2010) (noting that the court may consider only those of the seven factors that are relevant to the case).

Nevertheless, when notice was sent to members of the putative collective, they were given information about the lawsuit and the effects of joining this lawsuit. (*See* Dkt. No. 29-1).  Among the information that was shared was that any person that opted into the case would be bound by any settlement reached, and that Representative Plaintiff would be making decisions on behalf of the collective. (*Id.*). Every single person who joined this lawsuit was therefore aware that, if a settlement was reached, they would be bound by it if they joined the case. Nevertheless, Representative Plaintiff is not aware of any person who has objected or been opposed to the settlement. Accordingly, this factor favors approval of the settlement.

6

**7.** **The Public Interest**

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on the settlement participants, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

**B.** **The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for Plaintiff and the Eligible Settlement Participants.

**1.** **The Individual Payments Are Reasonable and Adequate**

The settlement compensates each Opt-In Plaintiff for alleged unpaid overtime wages based on the actual hours they worked in excess of 40 per week. As such, each eligible Opt-In Plaintiff will receive compensation that reflects their alleged damages, meaning that no Opt-In Plaintiff will receive a windfall under the settlement. The gross settlement amount exceeds 100% of alleged unpaid overtime damages.  Furthermore, the net recovery by each Opt-In Plaintiff (after attorneys' fees and expenses are deducted) represents approximately 88% of their total alleged unpaid overtime wages after taxes and fees are taken out of the settlement. (Moyle Dec. at ¶¶ 32). As this

7

Court recently noted, courts have held that a recovery of 42% of alleged overtime damages is an "excellent result." *See Ransom v. Burrows Paper Corp.*, No. 2:20-cv-3824, 2022 U.S. Dist. LEXIS 10638, at *4 (S.D. Ohio Jan. 18, 2022) (citing cases). Thus, a recovery of 88% of alleged overtime damages is a substantial recovery and supports the finding that the individual payments are reasonable and adequate.

### 2. Representative Plaintiff's Service Award Is Proper and Reasonable

The Agreement provides for a service award of $5,000 to Representative Plaintiff, in addition to her individual settlement payment. Courts routinely approve service awards to representative plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Thus, service awards are "routinely approved for the simple reason to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *24 (S.D. Ohio Sep. 25, 2020) (citation omitted).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Representative Plaintiff's Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Representative Plaintiff provided supports the requested service payment. (Moyle Dec. at ¶ 33).

### 3. The Attorney Fees to Representative Plaintiff's Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to the Eligible Settlement Participants, it may review the Parties' agreement as to the provision of fees and costs to

8

Representative Plaintiff's Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Here, Plaintiff is requesting that the Court approve reasonable attorneys' fees of $119,166.67, which represents one-third of the settlement fund. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 U.S. Dist. LEXIS 210868 at *28 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010).

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and

9

hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Courts, including this one, regularly hold that one-third of the settlement fund is a "reasonable, typical percentage of the fund for attorneys' fees." *Ransom v. Burrows Paper Corp.*, No. 2:20-cv-3824, 2022 U.S. Dist. LEXIS 10638, at *5 (S.D. Ohio Jan. 18, 2022); *see also Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *13 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221 (N.D. Ohio July 27, 2018)); *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, *15 (S.D. Ohio Dec. 3, 2019) (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 U.S. Dist. LEXIS 181325, *12 (S.D. Ohio Oct. 21, 2019) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, *16 (N.D. Ohio Mar. 26, 2019) (same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, *21 (S.D. Ohio Aug. 17, 2018) (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, *6 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *22 (N.D. Ohio June 15, 2010) (same).

Furthermore, Representative Plaintiff's Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. (Moyle Dec. at ¶ 35). Thus, Representative Plaintiff's Counsel "assumed a real risk in taking on this case, preparing to invest

10

time, effort, and money over a period of years with no guarantee of recovery. This factor weighs

in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959,

2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019).

Finally, courts in this district acknowledge that "wage and hour class and collective actions,

such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza,*

*LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). Given

the inherent complexity of a wage and hour collective action and the disputed issues of fact and

law in this case, an award of one-third of the settlement fund appropriately compensates

Representative Plaintiff's Counsel for their prosecution of this case, and advances the public's

interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo*

*Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011)

("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as

these are frequently complex matters.").

### 4. The Court Should Authorize Reimbursement to Representative Plaintiff's Counsel of Their Out-of-Pocket Expenses Incurred In This Case

Representative Plaintiff's Counsel should also be reimbursed their out-of-pocket expenses

and costs. "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all

reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining

settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS

204371, at *20 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants

have created a common settlement fund for the benefit of a class." *Id.*

In the prosecution of this case, Representative Plaintiff's Counsel incurred out-of-pocket

costs of $3,706.80. (Moyle Dec. at ¶¶ 22-23). Because these costs and expenses are reasonable

11

and were incurred in the prosecution of Plaintiff's claims, the Court should award Representative Plaintiff's Counsel reimbursement of these costs and expenses from the settlement fund and approve payment from the fund for settlement administration costs.

## IV.     CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Representative Plaintiff's Counsel's request for attorney fees and expenses; (3) approve the requested service payment; and (4) retain jurisdiction to enforce the settlement if necessary.


Respectfully Submitted,


| | |
|---|---|
| */s/ Jeffrey J. Moyle* | */s/ Ralph E. Breitfeller (with permission)* |
| Jeffrey J. Moyle (0084854) | Ralph E. Breitfeller (0017579) |
| NILGES DRAHER LLC | Brendan P. Feheley (0079107) |
| 1360 East 9th Street, Suite 808 | Danielle M. Crane (0098994) |
| Cleveland, OH 44114 | KEGLER, BROWN, HILL & RITTER, L.P.A. |
| Telephone:     (216) 230-2955 | 65 E. State Street, Suite 1800 |
| Facsimile:     (330) 754-1430 | Columbus, OH 43215 |
| E-mail:          jmoyle@ohlaborlaw.com | Telephone:     (614) 462-5400 |
| | Facsimile:     (614) 464-2634 |
| Shannon M. Draher (0074304) | Email:          rbreitfeller@keglerbrown.com |
| Hans A. Nilges (0076017) | bfeheley@keglerbrown.com |
| NILGES DRAHER LLC | dcrane@keglerbrown.com |
| 7034 Braucher Street NW, Ste. B | |
| North Canton, OH 44720 | *Attorneys* for *Defendant* |
| Telephone:     (330) 470-4428 | |
| Facsimile:     (330) 754-1430 | |
| Email:          sdraher@ohlaborlaw.com | |
| hans@ohlaborlaw.com | |

*Attorneys for Representative Plaintiff*